# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| SHERYL GRANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:14-CV-05029-NKL |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Commissioner of Social Security's motion to dismiss Plaintiff Sheryl Grant's Complaint [Doc. 7] is DENIED.

## I.  Background

An administrative law judge issued a decision denying Grant's claims for benefits under Title XVI of the Social Security Act on February 23, 2011. [Doc. 7-1.]

Grant asked the Appeals Council for review of the decision on March 11, 2011. [*Id.*] Grant's attorney filed additional medical records with the Appeals Council on April 13, 2012; October 5, 2012; and March 22, 2013. [Docs. 8-1, 8-2, and 8-3.] On November 1, 2013, Grant's attorney sent a letter to the Appeals Council, listing the dates he had sent the additional medical records; noting that he had not received any correspondence or notifications concerning the appeal; and asking for an update. [Doc. 8-4.]

The decision had already been rendered on June 29, 2012. [Doc. 5.] A cover letter bearing the same date, from the Appeals Council, informed Grant of her right to commence a civil action for review within 60 days after receipt of the letter, and explained that Grant would

be assumed to have received it five days from the date of the letter. [Doc. 7-1, p. 27.] The letter was addressed to Grant at an address in Marionville, Missouri, and indicated a copy was sent to her attorney at his office address in Springfield, Missouri. [Doc. 7-1, pp. 26 and 28.] Grant's attorney's address never changed throughout the course of the proceedings. [Doc. 8, pp. 1-2.]

In February 2014, Grant's attorney received a phone call from Appeals Council staff, who told him about the decision. [Doc. 8, p. 2.] Grant's attorney sent the Appeals Council a letter on February 11, 2014 by certified mail and facsimile, stating that neither he nor his client had received the decision, and asking for a copy. [Doc. 8-5.] The Appeals Council mailed a copy and Grant's attorney filed an appeal in this Court on March 5, 2014. [Docs. 1 and 5.]

## II. Discussion

The Commissioner argues that Grant's Complaint was not timely filed and must be dismissed. Because equitable tolling applies under the circumstances, Grant's complaint was timely filed.

It is well-settled that the United States is immune from suit unless it consents to be sued. "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quotations omitted). Accordingly, Congress may prescribe the procedures and conditions required for judicial review of administrative orders. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).

With respect to judicial review of Social Security determinations, the Social Security Administration provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The Commissioner interprets the Act to require the initiation of a civil action within 60 days of the claimant's *receipt* of the notice of the Commissioner's final decision. 20 C.F.R. §§ 404.981, 416.1481. *See also* 20 C.F.R. §§ 404.1715(b), 416.1515(b) (a notice sent to the claimant's representative has the same force and effect as a notice sent to the claimant). The Commissioner presumes that the claimant received the notice five days after the notice issued, unless the claimant demonstrates otherwise. 20 C.F.R. §§ 404.901, 416.1401. In short, a claimant must initiate judicial review within 65 days of the Commissioner's final decision.

But the time to initiate judicial review may be tolled by a court "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986). Equitable tolling has been allowed when the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way. *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir.1988) "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Burns v. Prudden*, 588 F.3d 1148, 1150 (8th Cir. 2009) (quoting *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008) (en banc)) (internal quotation marks omitted).

Grant initiated judicial review more than 65 days after June 29, 2012. The courts apply a presumption of regularity to the official acts of public officers, *Wilburn v. Astrue,* 626 F.3d 999, 1003-04 (8th Cir. 2010), including mailing of official documents. But even assuming the Appeals Council *mailed* notice of the decision to Grant on June 29, 2012, the record before the Court reflects that neither Grant nor her attorney *received* notice of the decision until at least mid-February 2014.

Grant demonstrates she did not sit on her rights but diligently pursued them, and that some extraordinary circumstances stood in her way. Her attorney had asked for Appeals Council review on March 11, 2011; and filed additional medical records with the Appeals Council in April 2012, October 2012, and March 2013. Grant's attorney's address never changed throughout the course of the proceedings. The Appeals Council did not notify or otherwise contact Grant's attorney about the continued receipt of medical records in a case in which the decision had already been issued. In November 2013, Grant's attorney notified the Appeals Council that he had been sending additional records and had not received any correspondence or notifications about the appeal, and asked for an update. Another three months passed before a staff person in the Appeals Council's office phoned him, in February 2014, to say that the decision had been rendered in June 2012. Once Grant's attorney received a copy of the decision, he filed the appeal on March 5, 2014, well within 65 days of receipt.

The Commissioner does not in her reply dispute Grant's showing of diligence, but argues that Grant did not show extraordinary circumstances, "such as fraud or deliberate concealment, that would merit equitable tolling[.]" [Doc. 9, p. 2.] The Commissioner cites *Bess v. Barnhart,* 337 F.3d 708, 710 (8th Cir. 2003), in which the court held that equitable tolling was not justified when the claimant failed to receive the notice of decision from Appeals Council, due to the claimant's own failure to keep his mailing address updated. [*Id.*] The standard for equitable tolling, discussed above, does not require a showing of a deliberate act on the part of the agency, but a showing of extraordinary circumstances. Precisely what happened to the original notice of decision dated June 29, 2012 is not clear, but the Commissioner does not contend that it was received by Grant or her attorney within 65 days of issuance. There is no evidence that Grant or her attorney failed to keep an address updated in relation to the appeal window, or any other

evidence that they caused or contributed to the absence of notice. Extraordinary circumstances exist.

Equitable tolling applies under the circumstances presented here, and Grant's time to appeal the Commissioner's June 29, 2012 decision did not begin to run any earlier than February 11, 2014. Grant timely filed her Complaint and dismissal is not appropriate.

## III. Conclusion

For the reasons set forth above, the Commissioner's Motion to Dismiss [Doc. 7] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: July 9, 2014
Jefferson City, Missouri